## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **BYOPLANET INTERNATIONAL, INC.,** )<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**VISTEK, INC. an Alabama corporation;** )<br>**PROZONE WATER PRODUCTS, INC., an** )<br>**Alabama corporation; and RONALD L.** )<br>**BARNES, an individual** )<br>)<br>**Defendants.** )<br>) | **CIVIL ACTION NO. _____** |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Vistek, Inc. ("Vistek"), Prozone Water Products, Inc. ("Prozone"), and Ronald L. Barnes ("Barnes," together with Vistek and Prozone, "Defendants") hereby remove this action from the Circuit Court for Broward County, Florida, Case No.: cace-16-022057 (the "State Court"),[1] to the United States District Court for the Southern District of Florida.  This Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332 because: (1) the amount in controversy exceeds $75,000.00, exclusive of costs and interest; and (2) there is complete diversity of citizenship between the parties.  In further support hereof, Defendants submit the Declaration of Cherie Brook (the "Brook Decl."),[2] and respectfully show the Court as follows:

### NATURE OF THE ACTION

1.       Plaintiff ByoPlanet International, Inc. initiated this action on December 5, 2016 by filing its Complaint against Defendants in the State Court.

---

[1] As required by 28 U.S.C. § 1446(a), the Complaint and all documents filed in the State Court are attached hereto as collective "**Exhibit A**."

[2] The Brook Decl is attached hereto as "**Exhibit B**".

2.      As described by ByoPlanet, this action involves a dispute over an alleged

agreement between ByoPlanet and Defendants.[3]  (Ex. A, Compl. ¶ 14.)  In furtherance of the

alleged agreement ByoPlanet alleges that it paid Vistek the sum of $50,000.00 and delivered

property to Prozone with a value of $40,000.00.  (Id. at ¶ 21.)  However, ByoPlanet alleges that

Defendants never performed - - and never intended to perform - - under the alleged agreement.

(See id. at ¶¶ 21-31.)  ByoPlanet's alleged damages include the case and property it delivered to

Defendants, and asserted claims against Defendants (as alter egos, id. at ¶¶ 7-8, 71, 74) for

fraudulent misrepresentation, breach of contract, unjust enrichment, conversion and civil theft

against the Defendants.  (See generally id.)

### THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

3.      The amount in controversy requirement is satisfied when the defendant

establishes that "the jurisdictional amount is either stated clearly on the face of the documents

before the court, or readily deducible from them …."  Lowery v. Ala. Power Co., 483 F. 3d

1184, 1211 (11th Cir. 2007).  The notice of removal "need include only a plausible allegation

that the amount in controversy exceeds the jurisdictional threshold.  Evidence establishing the

amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions,

the defendant's allegation."  Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547,

554 (2014).

4.      That the amount in controversy in this case exceeds the Court's jurisdictional

threshold of $75,000.00 is apparent on the face of ByoPlanet's Complaint.

---

[3] Specifically, the alleged agreement is between ByoPlanet and Vistek.  (See id. at ¶ 14.)  However, ByoPlanet contends that the Defendants do not respect "their separate corporate forms" and that all of the Defendants are, in fact, alter egos of each other.  (Id. at ¶¶ 7-8, 71, 74.)

5.      As it relates to Vistek, Count IX of ByoPlanet's Complaint alleges civil theft and seeks damages up to $90,000.00, with trebling of such damages up to $270,000.00.[4] (Ex. A, Compl. pp. 17-18.)  Additionally, ByoPlanet alleges that, as a result of Vistek's alleged breach of contract, it sustained "incidental and consequential damages, which could be in the millions of dollars." (Id. at ¶ 69.)  Plainly the claims against Vistek involve an amount in excess of the Court's jurisdictional threshold.

6.      It is equally apparent that ByoPlanet's claims against Prozone involve an amount in controversy in excess of $75,000.00.  Count VIII of ByoPlanet's Complaint alleges civil theft against Prozone, and seek "compensatory damages up to 40,000.00, the trebling of such damages to up to [sic] $120,000.00." (Id. at pp. 16-17.)  Moreover, ByoPlanet alleges that Prozone is an "alter ego" of the other Defendants and seeks to hold  Prozone liable for ByoPlanet's breach of contract and conversion claims.[5] (Id. at ¶¶ 7-8; 71, 74.)   As noted above, according to ByoPlanet, the incidental and consequential damages for these claims could be in the millions of dollars. (Id. at ¶ 69.)

7.      Finally, ByoPlanet asserts claims against Barnes for fraud/fraudulent inducement and negligent misrepresentation.  (See id. at ¶¶ 40-55.)  Although ByoPlanet does not claim a specific amount of damages, the factual allegations clearly demonstrate that the amount in controversy exceeds $75,000.00.

8.      ByoPlanet alleges that Barnes made the fraudulent misrepresentations that induced ByoPlanet "[pay] Vistek and Prozone, and ByoPlanet deliver[] goods to Barnes' companies." (Id. at ¶¶ 42.)  As noted above, ByoPlanet has specifically alleged that these

---

[4] Under Fla. Stat. § 772.11, a plaintiff may "ha[ve] a cause of action for threefold the actual damages sustained" in cases of civil theft.

[5] ByoPlanet explicitly pleads its claim for unjust enrichment against Prozone "in the alternative" of its breach of contract claim.  (Ex. A, Compl. ¶ 71.)

monies and products were worth $90,000.00.  (Id. at ¶ 21.)  Consequently, ByoPlanet's

fraudulent and negligent misrepresentation claims against Barnes exceed the jurisdictional

threshold.  See Steinbauer Assocs., Inc. v. Smith, 599 So. 2d 746, 748 (Fla. Dist. Ct. App. 1992)

("One measure of damages for fraudulent misrepresentation is the pecuniary loss suffered as a

result of the recipient's reliance on the misrepresentation.

9.      Moreover, as with Vistek and Prozone, ByoPlanet alleges that Barnes is the alter

ego of Prozone and Vistek (Ex. A, Compl. ¶ 8), and seeks to hold Barnes jointly liable for its

claims against those companies.  See Morrison v. Allstate Indem. Co., 228 F. 3d 1255, 1263 n.7

(11th Cir. 2000) ("Claims against multiple defendants can only be aggregated when the

defendants are jointly liable to the plaintiff") (citing Jewell v. Grain Dealers Mut. Ins. Co., 290 F.

2d 11, 13 (5th Cir. 1961)).  Consequently, the claims pled against Barnes are well in excess of

the jurisdictional threshold.

10.     In addition to these alleged compensatory, incidental and treble damages

(provided explicitly by Florida statute), ByoPlanet also seeks "punitive damages" and "attorneys'

fees" in connection with its claims against the Defendants.[6]  (Ex. A, Compl. ¶¶ 47, 55, 63,

WHEREFORE clause of Counts VIII and IX.)  This additional relief further demonstrates that

more than $75,000 is in controversy in this action.   For these reasons, Defendants have satisfied

the amount in controversy requirement under 28 U.S.C. § 1332(a).

---

[6] Under well-settled case law in the Eleventh Circuit, the Court should take potential punitive damages into account
when considering the amount in controversy.  See Rae v. Perry, 392 Fed App'x 753, 755 (11th Cir. 2010) ("Punitive
damages must be considered when determining the jurisdictional amount in controversy in diversity cases.") (citing
Holley Equip. Co. v. Credit Alliance Corp., 821 F.2d 1531, 1535 (11th Cir. 1987)).  Likewise, the Court should
consider attorneys' fees when a plaintiff seeks such fees incident to a statutory scheme, as ByoPlanet does in this
case.  (See Ex. A, Compl. at WHEREFORE clause of Counts VIII and XI) (seeking attorneys' fees through Fla. Stat.
§ 772.11); Missouri State Life Ins. Co. v. Jones, 290 U.S. 199, 202 (1933) (finding that demand for attorneys' fees,
provided for by state statute, "became part of the matter put in controversy."); 14b Charles Alan Wright et al.,
Federal Practice and Procedure § 3712 (2009) ("[T]he law is now quite settled … that the amount expended for
attorney's fees are a part of the matter in controversy for subject matter jurisdiction purposes when they are provided
for … by state statute.").

## THERE IS COMPLETE DIVERSITY BETWEEN THE PARTIES

11.     For purposes of diversity jurisdiction, an individual's citizenship is equivalent to his or her domicile.  See McCormick v. Aderholt, 293 F. 3d 1254, 1257 (11th Cir. 2002).  "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom...." Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir.) cert. denied, 419 U.S. 842 (1974) (internal quotations omitted).  And, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

12.     According to the allegations of the Complaint, ByoPlanet is a Florida corporation headquartered in Broward County, Florida.  (Ex. A, Compl. ¶¶ 1, 6).  ByoPlanet alleges that it "is a Florida corporation ... with an address of 1305 Shotgun Road Sunrise FL 33326" and conducts its business in the State of Florida.  (See id.)  Consequently, for the purposes of diversity jurisdiction, ByoPlanet is a citizen of the State of Florida.

13.     Defendants are all citizens of Alabama.  (Id. at ¶¶ 2-4.)  Vistek a corporation incorporated in the State of Alabama, and with its principal place of business in Madison County, Alabama.  (Compl. ¶ 2; Brook Decl. ¶ 2.)  Likewise, Prozone is a corporation incorporated in the State of Alabama, and with its principal place of business in Madison County, Alabama.  (Compl. ¶ 3; Brook Decl. ¶ 3.)  Finally, Barnes is a permanent resident of Madison County, Alabama.  (Compl. ¶ 4; Brook Decl. ¶ 4.)

14.     Complete diversity exists between the parties under 28 U.S.C. § 1332(a) because ByoPlanet is a Florida citizen and Defendants are Alabama citizens.

**DEFENDANTS TIMELY REMOVED THIS ACTION**

15.     28 U.S.C. § 1446(b) provides that the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Here, Defendants timely filed this Notice within thirty (30) days after receipt of the Summons and Complaint. (Ex. A, Brook Decl. ¶¶ 5-6.) Prozone first received a copy of the Complaint on December 8, 2016. (See Ex. A, Brook Decl. ¶ 5.) Vistek received a copy of the Complaint on December 15, 2016. (See Ex. A, Brook Decl. ¶ 6.) Barnes likewise received a copy of the complaint on December 15, 2016. (See Ex. A, Brook Decl. ¶ 6.) Accordingly, Defendants have satisfied the timeliness requirements of 28 U.S.C. § 1446(b).

**DEFENDANTS SATISFY ALL OTHER PREREQUISITES FOR REMOVAL**

16.     All Defendants consent to removal of this action to this Court, thereby satisfying the unanimity requirement of 28 U.S.C. § 1446(a), (b)(2). See Boone v. JP Morgan Chase Bank, 447 Fed. App'x 961, 963 (11th Cir. 2011).

17.     In accordance with 28 U.S.C. § 1446(a), Defendants attach to hereto a true and correct copy of all process, pleadings, orders and notices that were filed while this action was pending in the State Court. (See Ex. A.) Defendants will also promptly provide written notice of removal after this filing and will file a copy of this Notice with the Clerk of the State Court. 28 U.S.C. § 1446(d).

18.     Defendants have satisfied satisfy all of the requirements for removal prescribed by 28 U.S.C. §§ 1441 and 1446. If any question arises as to the propriety of the removal of this action, Defendants respectfully request the opportunity to present additional evidence, legal support and oral argument in further support of this Notice. See Sierminski v. Transouth Fin.

Corp., 216 F.3d 945, 949 (11th Cir. 2000); Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 773

(11th Cir. 2010).  Defendants also reserve all defenses and objections to ByoPlanet's Complaint,

including, but not limited to, lack of personal jurisdiction, insufficiency of service of process and

failure to state a claim upon which relief can be granted.

      WHEREFORE, PREMISES CONSIDERED, Defendants Vistek, Inc., Prozone Water

Products, Inc., and Ronald L. Barnes respectfully requests that the Court enter such orders as

may be appropriate to effect the removal of this action from the Circuit Court for Broward

County, Florida, Case No.: cace-16-022057, to the United States District Court for the Southern

District of Florida.

              Respectfully submitted,


              /s/ Starr T. Drum
              Starr T. Drum (Florida Bar Number: 88866)
              W. Brad English (*pro hac vice to be filed*)
              Andrew J. Shaver (*pro hac vice to be filed*)


**OF COUNSEL:**

**MAYNARD, COOPER & GALE, P.C.**
1901 Sixth Avenue North
Regions Harbert Plaza
Birmingham, Alabama 35203
Telephone:  (205) 254-1000
Email:  sdrum@maynardcooper.com

**MAYNARD, COOPER & GALE, P.C.**
655 Gallatin Street
Huntsville, Alabama 35801-4936
Telephone: (256) 551-0171
Email:  benglish@maynardcooper.com
      ashaver@maynardcooper.com

*Attorneys for Defendants Vistek, Inc.,*
*Prozone Water, Products, Inc.,*
*and Ronald L. Barnes*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 9th day of January, 2017, the foregoing was filed with the

Clerk of Court, and a copy was served by U.S. Mail to the following counsel of record:

Scott A. Mager, Esq.
Elizabeth Olivia Hueber, Esq.
MAGER PARUAS, LLC
2719 Hollywood Blvd., First Floor
Hollywood, FL 33020

Keri-Ann Baker, Esq.
KC BAKER, P.A.
220 Miramar Way
West Palm Beach, FL 33405


/s/ Starr T. Drum
*Of Counsel*